UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CHRISTIAN VÁZQUEZ-ORTIZ,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 14-1898 (JAF)

(Crim. No. 10-251-84)

**OPINION AND ORDER**

Petitioner Christian Vázquez-Ortiz ("Vázquez-Ortiz") comes before the court with a habeas corpus petition pursuant to 28 U.S.C. § 2241, asking us to credit him for time spent in United States custody in Criminal No. 10-251-84.[1] Because we are not the proper venue, we transfer his petition to the Middle District of Florida.

**I.**

**Background**

On July 14, 2010, Vázquez-Ortiz was federally indicted and a warrant was issued for his arrest. (Crim. Case No. 10-251-84, Docket Nos. 3, 5.) On September 24, 2010, because Vázquez-Ortiz was either "on release pending trial for a state or federal felony [or was] on release after conviction for any type of offense, state or federal," Magistrate Judge Vélez-Rivé ordered that Vázquez-Ortiz be detained temporarily under 18 U.S.C. § 3142(d) until October 4, 2010. (Crim. Case No. 10-251-84, Docket No. 471.) On October 5, 2010, Magistrate Judge Vélez-Rivé ordered that Vázquez-Ortiz be detained

---

[1] Vázquez-Ortiz titles his petition as one stemming from 18 U.S.C. § 2241, but we assume he means to cite to title 28.

pending trial, in accordance with 18 U.S.C. § 3142(f), because he was "currently completing a state sentence in jail."[2] (Crim. Case No. 10-251-84, Docket No. 512.) On February 15, 2011, Vázquez-Ortiz pleaded guilty to conspiring to distribute narcotics in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860. (Crim. Case No. 10-251-84, Docket Nos. 1205, 1206, 1208, 2419.) Sentencing was held on December 6, 2011, and judgment was entered the next day. (Crim. Case No. 10-251-84, Docket Nos. 2418, 2419.) We sentenced Vázquez-Ortiz to eighty-seven (87) months imprisonment. (Crim. Case No. 10-251-84, Docket No. 2419.)

According to Vázquez-Ortiz, he was returned to state custody on February 2, 2012, and then transferred back to federal custody on March 14, 2014, to begin serving his federal sentence. (Docket No. 1 at 1-2.) He alleges that the Federal Bureau of Prisons only credited him five days for prior jail time, and that he should have been credited with the time between his initial arrest and his transfer to state custody. On November 24, 2014, Vázquez-Ortiz filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[3]

## II.

## **Jurisdiction**

"Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *See also Braden v. 30th Judicial Circuit Ct.*, 410 U.S. 484, 495-96 (1973). Because

---

[2] Judge Vélez-Rivé lists several state offenses committed by Vázquez-Ortiz. We believe that he was in jail at the time for a robbery and Puerto Rico weapons law violation. (Crim. Case No. 10-251-84, Docket No. 512.)

[3] The petition was originally filed on November 24, 2014, in Crim. Case No. 10-251-84, Docket No. 3237, but was refiled a month later in the current civil case, Civil Case No. 14-1898, Docket No. 1.

Vázquez-Ortiz is currently incarcerated in Coleman, Florida, his petition should be transferred to the Middle District of Florida.

## III.

## Conclusion

For the foregoing reasons, we hereby **TRANSFER** Petitioner's § 2241 motion (Docket No. 1) to the Middle District of Florida.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of February, 2014.

                                                  S/José Antonio Fusté
                                                  JOSE ANTONIO FUSTE
                                                  U. S. DISTRICT JUDGE